IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| GRANT ANDERSON, JR., | * |
| Plaintiff, | * |
| v. | *   Civil No. TJS-22-2470 |
| DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONAL SERVICES, *et al.*, | * |
| Defendants. | * |

\*   \*   \*   \*   \*   \*

**MEMORANDUM OPINION**

Pending before the Court is the Motion to Dismiss or, in the Alternative Motion for Summary Judgment ("Motion") (ECF No. 40) filed by Defendants the Department of Public Safety and Correctional Services and the State of Maryland ("Defendants").[1] Plaintiff Grant Anderson, Jr. ("Mr. Anderson") opposes the Motion (ECF No. 43) and seeks an expedited ruling (ECF No. 44). Defendants have not filed a reply and the time to do so has now passed. *See* Loc. R. 105.2(a). Having considered the submissions of the parties (ECF Nos. 30, 40 & 43), the Court finds that a hearing is unnecessary. *See* Loc. R. 105.6. For the following reasons, the Motion will be granted and the motion to expedite decision will be denied as moot.

**I.   Background**

Mr. Anderson is proceeding *pro se*. The Court is mindful that it must construe the allegations in the Complaint liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *see also Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). On October 7, 2022, Mr.

---

[1] In accordance with 28 U.S.C. § 636(c), all parties have voluntarily consented to have the undersigned conduct all further proceedings in this case, including trial and entry of final judgment, and conduct all post-judgment proceedings, with direct review by the Fourth Circuit Court of Appeals if an appeal is filed. ECF No. 35.

1

Anderson filed a Complaint against Defendants. ECF No. 1. He alleged violations of the *ex post facto* clauses under both Article 17 of the Maryland Declaration of Rights and Article 1, § 9, clauses 3 and 10 of the United States Constitution. *Id.* at 4. Mr. Anderson was convicted of a sex offense in the District of Columbia before the current Maryland sex offender registration requirements were established. *See id.* at 6. He alleges that Maryland's sex offender registration requirements violate the *ex post facto* clauses as applied to him because he was not subject to the requirements at the time of his conviction. *Id.* Mr. Anderson seeks declaratory and injunctive relief to enjoin Defendants from enforcing on him the Maryland sex offender registration requirements. *Id.* at 7.

The following facts are drawn from the Complaint. In 1998, Mr. Anderson was convicted of attempted rape while armed in the Superior Court of the District of Columbia and sentenced to eighteen years to life. *Anderson v. Holder*, 647 F.3d 1165, 1168 (D.C. Cir. 2011); ECF Nos. 1 at 6 and 40 at 2-3. Mr. Anderson was released on parole in January 2009. *Anderson*, 647 F.3d at 1168. As a condition of his parole, Mr. Anderson was required to register as a sex offender with the Court Services and Offender Supervision Agency under the District's Sex Offender Registration Act of 1999 ("SORA"), D.C. Code §§ 22–4001–4017. *Anderson*, 647 F.3d at 1168. Under SORA, Mr. Anderson's offense is a "lifetime registration offense," meaning he must register in D.C. and in any state where he lives, works, or goes to school for the duration of his life. D.C. Code §§ 22–4001(6)(D); 4002(b)(1); 4014(5). Previously, Mr. Anderson filed a lawsuit in the Superior Court of the District of Columbia, alleging that the registration requirement under SORA violated the *ex post facto* clause of the United States Constitution because the law was enacted 12 years after his conviction. *Anderson v. Holder,* 691 F. Supp. 2d 57, 63 (D.D.C. 2010). The district court dismissed his claim for failure to state a claim. *Id.* On appeal, the D.C. Court of

Appeals found that SORA did not violate the *ex post facto* clause as applied to Mr. Anderson. *Anderson*, 647 F.3d 1165 at 1169.

Mr. Anderson registered as a sex offender in Prince George's County, Maryland for the first time on April 23, 2014. *Id.* at 1168. He registered at that time because he was working for a company in Prince George's County while still living in the District of Columbia. *Id.* In June 2021, Mr. Anderson moved to Maryland where he still resides. ECF No. 1 at 6.

## II.     Discussion

### A.  Legal Standard

Rule 12(b)(6) permits a court to dismiss a complaint if it fails to "state a claim upon which relief can be granted." "The purpose of a Rule 12(b)(6) motion is to test the sufficiency of a complaint, [and not to] resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). A complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (internal quotation marks omitted). A complaint must consist of "more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007). When considering a motion to dismiss, a court must accept as true the well-pled allegations of the complaint and "construe the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff." *Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir. 1997). While a court must take the facts in the light most favorable to the plaintiff, it "need not accept the legal conclusions drawn from the facts" and "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." *E. Shore Markets, Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000).

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Twombly*, 550 U.S. at 555 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). A complaint generally "does not need detailed factual allegations." *Id.* So long as the factual allegations are "enough to raise a right to relief above the speculative level," the complaint will be deemed sufficient. *Id.* A "well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable and that a recovery is very remote and unlikely." *Id.* at 556 (internal quotation marks omitted).

### B. Sovereign Immunity

In his Complaint, Mr. Anderson named only the Department of Public Safety and Correctional Services and the State of Maryland as defendants. He did not name any individual defendants. Defendants argue that they are entitled to sovereign immunity under the Eleventh Amendment of the United States Constitution. *See* ECF No. 40 at 7. Under the Eleventh Amendment, a state, its agencies, and departments are immune from suits in federal court brought by its citizens or the citizens of another state, unless it consents. *See Pennhurst State Sch. and Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). The State of Maryland's sovereign immunity extends to state agencies including the Department of Public Safety and Correctional Services as a "principal department of the State government." Md. Code, Corr. Servs. § 2-101; *Pense v. Maryland Dep't of Pub. Safety & Corr. Servs.*, 926 F.3d 97, 101–02 (4th Cir. 2019). Therefore, the State of Maryland's protections of the Eleventh Amendment extend to both Defendants.

"The Supreme Court 'has drawn on principles of sovereign immunity to construe the Amendment to establish that an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another State.'" *Lee-Thomas v. Prince George's Cnty.*

4

*Pub. Sch.*, 666 F.3d 244, 248 (4th Cir. 2012) (quoting *Port Auth. Trans–Hudson Corp. v. Feeney*, 495 U.S. 299, 304 (1990)). The Fourth Circuit has noted three exceptions to the Eleventh Amendment's prohibition of suits against a state or an arm of the state: when Congress lawfully abrogates the States' Eleventh Amendment immunity through an unequivocal expression of its intent to do so; when a suit seeks prospective injunctive relief against state officials acting in violation of federal law; and when a State waives its Eleventh Amendment immunity from suit in a federal court. *See id.* at 249. A state may waive its Eleventh Amendment immunity in two ways: by making a "'clear distinction' that it intends to submit itself to [federal] jurisdiction"; or by voluntarily invoking federal jurisdiction. *MedSense, LLC v. Univ. Sys. of Maryland*, 420 F. Supp. 3d 382, 393 (D. Md. 2019).

None of the three exceptions apply. Congress has not acted to abrogate the State of Maryland's immunity. Mr. Anderson did not bring this suit against any state officials acting in violation of federal law. And Defendants have not waived sovereign immunity either by making a "clear distinction" that they submit to federal jurisdiction or voluntarily invoking federal jurisdiction. Although the State of Maryland has waived its sovereign immunity for certain cases brought in state courts, *see* Md. Code, State Gov't § 12-202(a), it has not waived its general immunity under the Eleventh Amendment to suit in federal court. "A State's constitutional interest in immunity encompasses not merely *whether* it may be sued, but *where* it may be sued." *Pennhurst State School & Hosp.*, 465 U.S. at 100 (emphasis in original). Further, Mr. Anderson brought this action against the Defendants in this Court; neither of the Defendants removed the case here from state court. "[A] state entity named as a party in a pending federal court action is viewed as an involuntary participant." *MedSense, LLC*, 420 F. Supp. 3d at 395; *see also Est. of Staton v. Bottalico*, No. PWG-20-03628, 2022 WL 1127901, at *2-3 (D. Md. Apr. 15, 2022)

(dismissing lawsuit against the state of Maryland because it did not consent to be sued and therefore retains sovereign immunity under the Eleventh Amendment). Mr. Anderson does not present any argument addressing Defendants' sovereign immunity in his opposition. *See* ECF No. 43. Accordingly, the Motion is granted since the Defendants enjoy immunity from suit under the Eleventh Amendment. Mr. Anderson's Complaint will be dismissed without prejudice.

### C. Defendants' Remaining Arguments

Because Defendants have sovereign immunity from suit in this Court, it is unnecessary to address Defendants' other arguments that Mr. Anderson's Complaint was filed after the statute of limitations had expired and that the Complaint fails to state a claim upon which relief can be granted. Even if Mr. Anderson had sued the proper defendants such that the Court could exercise jurisdiction over his claims, *see Bragg v. W. Virginia Coal Ass'n*, 248 F.3d 275, 292 (4th Cir. 2001) (explaining that "the Eleventh Amendment does not preclude private individuals from bringing suit against State officials for prospective injunctive or declaratory relief designed to remedy ongoing violations of federal law" (citing *Ex parte Young*, 209 U.S. 123 (1908)), the Complaint would still be dismissed for failing to state a claim upon which relief can be granted. When Mr. Anderson first registered as a sex offender in Maryland, he was identified as a Tier III sex offender under the Maryland Sex Offender Registration Act ("MSORA"), which subjects him to a lifetime registration requirement. *See* ECF No. 40, Ex. 2; *see also* Md. Code, Crim. Proc. § 11-707 (a)(2)(i), (a)(4)(iii). Both MSORA and SORA have lifetime registration requirements for Mr. Anderson's conviction. Because Mr. Anderson was already required to register for life in the District of Columbia, the Maryland registration requirement is not an increase in punishment. See *Dietrich v. State*, 235 Md. App. 92 (2017) (finding no *ex post facto* violation where the plaintiff was subject to a lifetime registration requirement in Virginia upon conviction of a sex offense and

subject to the same lifetime registration requirement when he subsequently moved to Maryland because there was no increased punishment and the plaintiff had notice of the Maryland requirement before he moved). Additionally, MSORA does not violate the state or federal *ex post facto* clauses[2] because it is a civil regulatory scheme and is not punitive in intent or effect. *See Smith v. Doe*, 538 U.S. 84, 92 (2003) (establishing test to determine whether a state sex offender statute violates the *ex post facto* clause); *Long v. Maryland State Dep't of Pub. Safety & Corr. Servs.*, 230 Md. App. 1, 18 (2016) (applying the test in *Smith* to find that MSORA is not punitive and does not violate the *ex post facto* clause).

### III.   Conclusion

For the reasons set forth above, the Motion (ECF No. 40) is **GRANTED**. Mr. Anderson's Complaint will be **DISMISSED WITHOUT PREJUDICE**. Mr. Anderson's motion to expedite ruling (ECF No. 44) is **DENIED AS MOOT**. A separate Order follows.

Date: April 4, 2024

                                                           /s/
Timothy J. Sullivan
Chief United States Magistrate Judge

---

[2] Maryland courts generally analyze the *ex post facto* clauses of the Maryland Declaration of Rights and the United States Constitution under the same standard in cases involving MSORA. *See Grandison v. State*, 234 Md. App. 564, 587 (2017) (citing *Doe v. Dep't of Pub. Safety & Corr. Servs.*, 430 Md. 535, 548, 62 A.3d 123 (2013) (plurality opinion)).